STATE OF MISSOURI, Appellant, v. EDWARD MEASE,
Respondent.

St. Louis Court of Appeals, March 9, 1897.

Criminal Law : KILLING OF DOG OF ANOTHER. The killing of a dog
is not a criminal offense, either under the statute, or at common law,
which, in this respect, is still in force in this state.

*Appeal from the Stone Circuit Court.*—HON. J. C.
LAMSON, Judge.

AFFIRMED.

No briefs filed.

BOND, J.—Defendant was arrested, tried, and con-
victed before a justice of the peace of Stone county
under the following information by the prosecuting
attorney:

"State of Missouri,    Before W. T. Moore, J. P.,
      v.
Ed. Mease.         at Stone county, Mo.

"Comes now, Albert Hodges, prosecuting attorney
within and for the county of Stone, state of Missouri,
and under his oath of office informs the court that on
or about November 20, 1895, at the county of Stone
and state of Missouri, one Ed. Mease did then and
there unlawfully, willfully, maliciously and wantingly
(sic), shoot and kill a dog, the personal property of him,
the said T. M. Solomon, of the value of twenty-five
dollars against the peace and dignity of the state, and
that this information is made and based upon an affi-
davit made by T. M. Solomon, which is hereto attached
and made a part of this information.

"ALBERT HODGES,
"Prosecuting Attorney."

Defendant appealed to the circuit court and moved to quash said information for the following reasons: *First*, because the information charges no offense; *secondly*, because there is no law in this state making the killing of a dog a criminal offense. This motion was sustained and the defendant discharged, to which ruling of the court the state excepted at the time and preserved said motion with its exceptions to the ruling thereon in a bill of exceptions, and upon the refusal of the court to grant a rehearing, the state perfected its appeal to this court.

The ruling of the circuit judge must be sustained. The classes of animals described in sections 3620 and 3621 of the Revised Statutes of Missouri do not embrace dogs. Neither are they comprehended in the last clause of section 3593 of said revision. The clause in question is confined to the destruction or injury of "any goods, wares, merchandise or other personal property of another." This enumeration is applicable to inanimate subjects of property, and does not include dogs. It is unquestionably the law that dogs are property in Missouri and that damages may be recovered civilly for injuries to them. It is also true that they are the subject-matter, by special statutes, of larceny. R. S. 1889, sec. 3535. But it was not an offense at common law to kill a dog, and in that respect the common law is still in force in this state. For these reasons the judgment of the circuit court will be affirmed.

All concur.